<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCARLETT PORTILLO, | Civil Action No. 25-17411 |
| *Plaintiff*, | |
| v. | <u>**OPINION**</u> |
| STOP & SHOP SUPERMARKET COMPANY, LLC et al., | June 8, 2026 |
| *Defendants*. | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Scarlett Portillo's ("Plaintiff") Motion to Remand.  (ECF 4, "Motion" or "Mot.")  Stop & Shop Supermarket Company, LLC ("Defendant") opposed.  (ECF 5, "Opposition" or "Opp.")  Plaintiff replied.  (ECF 6, "Reply".) The Court has decided this Motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's Motion is **DENIED**.

**I.      <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]</u>**

Plaintiff originally filed her complaint in the Superior Court of New Jersey, Law Division, Hudson County on December 5, 2024.  (ECF 1, Exhibit A, "Complaint" or "Compl.")  Plaintiff

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Exhibit A), Answer (ECF 1, Exhibit B), Interrogatories (ECF 1, Exhibit C), Amended Interrogatories (ECF 1, Exhibit D), and the Notice of Removal (ECF 1).  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  A district court may consider "exhibits attached to the complaint and matters

asserted that Defendant was negligent in, among other things, failing to keep its premises in a safe condition, causing a dangerous and hazardous condition to exist, and failing to provide safeguards and/or warnings.  (*Id.* at 1-2.)  Plaintiff did not allege specific damages in her Complaint.  Instead, Plaintiff broadly alleged that she "sustained injuries which caused, and will cause in the future, permanent disability, disfigurement and loss of body function; medical and other expenses; loss of income and reduced earning capacity, pain and suffering; an interference with the ability to engage in active pursuits; and in impairment of the quality of life."  (*Id.* at 2, 4-5.)

Defendant answered on June 11, 2025.  (ECF 1, Exhibit B, "Answer".)  In its Answer, Defendant made various discovery demands of Plaintiff, including a request to produce any prior discovery, pleadings, motions, orders, answers to interrogatories, deposition transcripts, demands for documents, requests for admissions, and responses exchanged between parties in the action, and a request for a written statement of damages.  (*Id.* at 8-9.)  On October 15, 2025, Plaintiff served Defendant with Answers to Defendant's Form A Interrogatories.  (ECF 1, Exhibit C, "Interrogatories" or "Inter.")  In her answers, Plaintiff described her injuries and alleged medical bills and future treatment costs totaling $58,979.48.  (*Id.* at 2-4.)  On October 31, 2025, Plaintiff served Defendant with an Amendment to her Answers to Defendant's Form A Interrogatories. (ECF 1, Exhibit D, "Amendments" or "Amend.")  In her amended answers, Plaintiff alleged additional anticipated expenses for future surgeries and treatment of her injuries totaling $180,000. *(Id.* at 1-2.)

Defendant removed this action to federal court on the basis of diversity jurisdiction on November 13, 2025.  (ECF 1, "Notice of Removal" or "NOR" ¶¶ 9-12.)  On November 15, 2025,

---

of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Plaintiff moved to remand the case back to state court, alleging that Defendant's Notice of Removal was not timely filed within the thirty-day requirement set forth in 28 U.S.C. § 1446(b), and was thus procedurally defective.  (Mot. at 1-2.)  Defendant filed an opposition.  (Opp.) Plaintiff replied.  (Reply.)

## II.    LEGAL STANDARDS

### A.  Removal and Remand

The federal removal statute allows a defendant to remove an action filed in state court to a federal court which would have had original jurisdiction over the action.  28 U.S.C. § 1441(a). Federal district courts have subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"  28 U.S.C. § 1332(a).

When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case back to state court.  28 U.S.C. § 1447.  Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co*., 7 F.3d 349, 352 (3d Cir. 1993).  A motion to remand due to a procedural defect in the removal must be filed within thirty days of the notice of removal, *see* 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc*., 357 F.3d 392, 396 (3d Cir. 2004).  Federal courts rigorously enforce the congressional intent to

3

restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id*. at 396–403.

### B. Remand Under 28 U.S.C. § 1446's Thirty-Day Clock

"Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C. § 1446). A defendant may remove an action to federal court "within 30 days after the receipt … of a copy of the initial pleading setting forth the claim or relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b)(1). "Second, if a case is not removable based on the initial pleadings, a defendant may remove it within thirty days after receiving 'a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Alston v. Boardwalk Regency LLC*, No. 25-11910, 2025 WL 4066527, at *2 (D.N.J. Nov. 19, 2025) (quoting 28 U.S.C. § 1446(b)(3)). The Third Circuit has interpreted "other paper" to "include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between parties, answers to interrogatories, and transcripts." *Costa v. Verizon N.J., Inc.*, 936 F. Supp. 2d 455, 466 (D.N.J. 2013) (internal citations omitted).

The Third Circuit has "evaluated whether an initial pleading or 'other paper' suffice[s] to make a case removable to federal court pursuant to either of two approaches: the 'bright-line' rule approach or the 'subjective inquiry' approach." *Eschenbach v. Boardwalk Regency Corp.*, No. 24-10862, 2025 WL 2084384, at *3 (D.N.J. June 23, 2025). "Under the 'bright-line' approach, if the complaint fails to plead specific damages or otherwise clarify that the amount in controversy exceeds $75,000, the thirty-day removal period will not begin to run until 'the defendant receives a document that clearly states the amount in controversy is more than $75,000.'" *Alston*, 2025

4

WL 4066527, at *2 (quoting *Pope v. Walmart*, No. 21-20479, 2022 WL 3567371, at *3 (D.N.J. July 29, 2022)).  The subjective approach required the Court to "consider whether a defendant could 'reasonably and intelligently conclude from the pleadings, [or other paper], that the amount in controversy" met the minimum jurisdictional amount.  *Eschenbach*, 2025 WL 2084384, at *3 (quoting *Caroll v. United Air Lines, Inc.*, 7. F. Supp. 2d 516, 521 (D.N.J. 1998)).

The Third Circuit adopted the bright-line approach in 2022, reasoning that it "advances judicial economy, prevents premature (protective) removals, and discourages evasive or ambiguous pleading."  *See McLaren*, 32 F.4th at 238-39 (internal citations omitted).  As such, this Court follows the Third Circuit and other courts in this District in applying the bright-line approach here.  *See Eschenbach*, 2025 WL 2084384, at *3 ("However, in 2022, the Third Circuit held that the bright-line rule approach should govern …." (internal citation omitted)); *see also Tarakciyan v. Supercenter-Secaucus*, No. 23-01179, 2023 WL 5807374, at *3 (D.N.J. Aug. 17, 2023) (holding that "it is no longer the case" that courts apply the subjective-inquiry approach as "*McLaren* … clarified that the bright-line approach is controlling").

III.    **ANALYSIS**

Plaintiff alleges that Defendant's Notice of Removal was not timely filed within the thirty-day requirement set forth in 28 U.S.C. § 1446(b) and is thus procedurally defective.  (Mot. at 1-2.)  Plaintiff highlights that Defendant filed its Notice of Removal on November 13, 2025, which was more than thirty days after Defendant (1) was served with the Complaint on December 5, 2024, and (2) filed an Answer to the Complaint on June 11, 2025.  (*Id.*)  In response, Defendant contends that it timely filed the Notice of Removal on October 31, 2025 pursuant to 28 U.S.C. § 1446(b)(3), as it filed within 30 days of receiving Plaintiff's Amended Interrogatories, which were the "first indication to Defendant that Plaintiff's claimed damages would satisfy the Federal Court's

5

minimum jurisdictional limits." (Opp. at 4.)  On reply, Plaintiff argues that under the subjective test, her initial Answers to Defendant's Form A Interrogatories, filed on October 15, 2025, "reasonably and clearly demonstrate that the damages well exceed the $75,000 jurisdictional limit." (Reply at 1.)

### A.  The Complaint Failed to Trigger the Thirty-Day Clock Under 28 U.S.C. § 1446(b)(1).

The Court first concludes that the Complaint did not trigger the thirty-day clock under Section 1446(b)(1).  "The Section 1446(b)(1) clock is triggered when the complaint informs the reader to a substantial degree of specificity, that all the elements of federal jurisdiction are met." *Tarakciyan*, 2023 WL 5807374, at *4 (internal citations and quotation marks omitted).  "A complaint may provide the requisite degree of specificity that the amount in controversy is satisfied by: (1) providing a clear statement of the damages sought; (2) alleging sufficient facts from which damages can be readily calculated; or (3) affirmatively reveal[ing] on its face that [plaintiff] is seeking damages in excess of the minimum jurisdictional amount." *Id.*  Plaintiff's Complaint lacks the "requisite degree of specificity" required to inform Defendant that the amount in controversy is satisfied.  *See id*.

The Complaint neither provides "a clear statement of the damages sought" nor does it "otherwise reveal" that Plaintiff seeks damages "in excess of the minimum jurisdictional amount." *Id.*  As discussed, with respect to damages, the Complaint merely states that Plaintiff "sustained injuries which caused, and will cause in the future, permanent disability, disfigurement and loss of body function; medical and other expenses; loss of income and reduced earning capacity, pain and suffering; an interference with the ability to engage in active pursuits; and in impairment of the quality of life." (Compl. at 2, 4-5.)  The Complaint similarly fails to allege "sufficient facts from which damages can be readily calculated." *Id.* (holding that a plaintiff's allegations that they

6

"suffered severe and permanent injuries," "great pain and torment," "spen[t] great and diverse sums of money for medical aid and treatment," and were "prevented from attending to [their] usual occupation" provided no basis to readily calculate damages). Thus, this Court concludes that the Complaint failed to trigger the thirty-day clock when it was filed on December 5, 2024.

**B. Plaintiff's Amended Interrogatories Triggered the Thirty-Day Clock Under 28 U.S.C. § 1446(b)(3).**

The Court next concludes that Plaintiff's Amended Answers to Defendant's Form A Interrogatories triggered the thirty-day clock under 28 U.S.C. § 1446(b)(3). As discussed, this Circuit applies the bright-line approach, which dictates that "if a Complaint does not plead specific damages, and does not make otherwise clear that the amount in controversy exceeds $75,000, the 30-day clock for removal does not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Worldwide Exec. Job Search Sols., LLC v. North Bridge Grp.*, No. 17-1907, 2017 WL 5762382, at *2 (D.N.J. Nov. 27, 2017).

Plaintiff's initial Answers to Defendant's Form A Interrogatories, filed on October 15, 2025, do not make clear that the amount in controversy exceeds $75,000. While they provide more detail than the Complaint itself, Plaintiff's initial Answers only allege medical bills and future treatment costs totaling $58,979.48. (Inter. at 2-4.) However, Plaintiff's Amended Answers, filed on October 31, 2025, clearly state that the amount in controversy exceeds $75,000. Plaintiff specifically alleges additional anticipated expenses for future surgeries and treatment of her injuries totaling $180,000. (Amend. at 1-2.)

Defendant filed the Notice of Removal on November 15, 2025, which was within thirty days of its receipt of Plaintiff's Amended Answers on October 31, 2025. Thus, the Court concludes that Defendant's Notice of Removal was timely and denies Plaintiff's Motion to Remand.

7

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**.  An appropriate

order follows.


/s/ *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**UNITED STATES DISTRICT JUDGE**


Orig:   Clerk
cc:     James B. Clark, U.S.M.J.
        Parties